CHAS. KOEHAN & LEO MANNING v. THE STATE.

No. 7401.  Decided February 7, 1923.

Rehearing denied March 7, 1923.

**1.—Theft—Information—County Court at Law—County Court—Transfer.**

In the absence of some affirmative showing that there was a want of jurisdiction by reason of the absence of the transfer from the County Court to the County Court at Law, this Court is not warranted in assuming that the trial in the County Court at Law was unauthorized, and in the absence of bills of exception raising the question, the judgment is affirmed.

**2.—Rehearing—Presumption—Practice on Appeal.**

Without some affirmative information from the record that the case was not originally filed in the El Paso County Court at Law, the presumption that it was so filed cannot be challenged for the first time on appeal against the record, as presented here.

Appeal from the County Court at Law of El Paso. Tried below before the Honorable J. M. Deaver.

Appeal from a conviction of theft; penalty, nine months confinement in the county jail.

93 T. C.—38

The opinion states the case.

*A. T. Folsom* and *R. B. Daniel,* for appellant.—Cited Burmley v. State, 11 Texas Crim. App., 114; Bird v. State, 91 S. W. Rep., 791, Harper, 277 id., 96.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—The conviction is for theft, a misdemeanor. The record is before us without statement of facts or bills of exceptions.

In his brief appellant contends that there is fundamental error in that the information was filed in the County Court of El Paso County and the trial was had in the El Paso County Court at Law, and that there was no order made by the County Court transferring the case to the County Court at Law. Nothing upon this subject is found in the record.

The caption reads that "at a term of the County Court at Law . . . the following cause came on for trial, to-wit:" Following this is the complaint set out in full and sworn to by W. E. Smith before the Assistant County Attorney. The complaint is endorsed: "Filed on the 29th day of March, A. D., 1922. W. D. Greet, Clerk, County Court, El Paso County, Texas, By C. Arnada, Deputy." Then follows the information with a similar endorsement.

The record is silent concerning any motions or bills of exceptions raising the question of jurisdiction of the court that tried the case. The transcript is certified to under the *seal of the County Court at Law,* with the certificate reciting: "I, W. D. Greet, Clerk of the El Paso County Court at Law, do hereby certify, etc."

In the absence of some affirmative showing that there was a want of jurisdiction by reason of the absence of transfer, this court would not be warranted in assuming that the trial in the County Court at Law was unauthorized. The endorsement on the filed papers would not control the presumption of regularity, indulged in favor of the judgment of the court competent to try the offense. The judgment is affirmed.

*Affirmed.*

ON REHEARING

March 7, 1923.

MORROW, Presiding Judge.—As indicated in the original opinion, the certificate to the transcript signed W. D. Greet, describes him as "Clerk of the El Paso County Court at Law" and states over the seal of the "El Paso County Court at Law" that the transcript contains the proceedings in that court. The fact that in some places in the record Greet signs the papers as Clerk of the County Court, will not be taken

as destructive of the judgment rendered by the County Court at Law as against the certificate and seal mentioned, fortified by the presumption that the County Court at Law would not have tried the case in the absence of jurisdiction. Without some affirmative information from the record that the case was not originally filed in the "El Paso County Court.at Law," the presumption that it was so filed cannot be challenged for the first time on appeal against the record as presented here.

The motion is overruled.

*Overruled.*